UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: | Bankr. No. 09-20121-JKF |
|---|---|
| THE COVENANT AT SOUTH HILLS, INC, | Chapter 7 |
| Debtor. | Adv. No. 10-02207-JKF |
| | Doc. No. |
| JEFFREY J. SIKIRICA, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | |
| ARENT FOX LLP, | |
| Defendant. | |

**AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 549 AND 550.**

The Chapter 7 Trustee (the "Plaintiff"), by and through its undersigned counsel, the Bernstein Law Firm, P.C., hereby files this Amended Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547, 549, and 550, stating as follows:

**Summary of Action**

1.  This is an action for the avoidance of certain transfers made by the Covenant at South Hills, Inc. ("Debtor") to Arent Fox LLP ("Defendant") during the ninety (90) days preceding the filing of the Debtor's Bankruptcy Petition pursuant to 11 U.S.C. §§ 547 and 550.

2. This is an action for the avoidance of certain transfers made by the Debtor to the Defendant between ninety (90) days and the one (1) year preceding the filing of the Debtor's Bankruptcy Petition pursuant to 11 U.S.C. §§ 547 and 550.

3. This is an action to recover payments made to and/or for the benefit of the Defendant after the filing of the bankruptcy petition and on account of debts that were incurred prior to the filing of the bankruptcy petition pursuant to 11 U.S.C. § 549.

## Jurisdiction and Venue

4. On January 8, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. By Order of Court dated October 30, 2009 (the "Conversion Order"), Debtor's Chapter 11 case was converted to a Chapter 7 case.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

7. This matter is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F) and (H).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the requested relief herein are 11 U.S.C. §§ 105(a), 502(d), 547, 548, 549, and 550 and Federal Rule of Bankruptcy Procedure 7001.

## Parties

10. On April 1, 2010, this Honorable Court entered an Order confirming the Trustee's Application to Employ Robert S. Bernstein, Esquire and the Bernstein Law Firm, P.C. as Special Counsel to the Trustee ("Application Order").

11. The Application Order appoints Robert S. Bernstein, Esquire and the Bernstein Law Firm, P.C. as special counsel to pursue complaints to avoid and recover preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, 549, and 550.

12. Defendant is a business with an address of 1050 Connecticut Ave. NW, Washington, DC 20036.

13. Defendant is the Debtor's former legal counsel.

## COUNT I
## AVOIDANCE OF PAYMENTS AS PREFENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 547 AND 550.

14. Plaintiff incorporates all of the foregoing paragraphs herein by reference as if set forth verbatim.

15. Plaintiff asserts that the Defendant received transfers totaling $113,165.96 that are avoidable pursuant to 11 U.S.C. § 547 and recoverable pursuant to 11 U.S.C. § 550.

16. Attached hereto as **Exhibit 1** is a list of the transfers that the Debtor made to the Defendant during the ninety (90) days prior to the Petition Date ("Pre-Petition Transfers").

17. Section 547(b) of the Bankruptcy Code, allows the trustee to avoid any transfer of an interest of the debtor in property:

>  (1) to or for the benefit of a creditor;
>  (2) for or on account of an antecedent debt;
>  (3) made while the debtor was insolvent;
>  (4) made -
>     a. during the ninety (90) day period immediately preceding the bankruptcy filing;
>  (5) that enables such creditor to receive more than such creditor would receive if
>     i. the case were a case under chapter 7 of this title;
>     ii. the transfer had not been made; and
>     iii. such creditor received Transfer of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

**To or for the benefit of a creditor**

18. The Defendant provided legal services to the Debtor and the Pre-Petition Transfers were made on account of the fees incurred by the Debtor.

19. The Pre-Petition Transfers were made by Debtor to Defendant and/or for the benefit of Defendant.

**For or on account of an antecedent debt**

20. The Defendant provided legal services to the Defendant and the Defendant would pay the Defendant's invoices after the services were rendered.

21. The Pre-Petition Transfers were made by Debtor on account of an antecedent debt owed by Debtor (the "Debt").

**Made while the debtor was insolvent**

22. On the Petition Date, Debtor had assets worth approximately $44,987,912.63 versus liabilities of $58,170,072.50.

23. On the dates of the respective transfers, Debtor's financial condition was substantially similar to its financial condition on the Petition Date.

24. Accordingly, the Debtor was insolvent during the ninety (90) days prior to the Petition Date.

25. Additionally, Plaintiff relies on the presumption of insolvency provided by Section 547(f) of the Bankruptcy Code.

**Made during the ninety (90) day period immediately preceding the bankruptcy filing**

26. Defendant received transfers totaling $113,156.96 in the ninety (90) day period immediately preceding the Petition Date. See Plaintiff's **Exhibit 1**.

**That enables such creditor to receive more than such creditor would receive if**

> i. the case were a case under chapter 7 of this title;
> ii. the transfer had not been made; and
> iii. such creditor received Transfer of such debt to the extent provided by the provisions of this title.

27. On September 18, 2009, the Debtor sold substantially all of its assets to Concordia Lutheran Ministries.

28. The entire purchase price was paid to Debtor's primary secured lenders and unsecured creditors will be paid exclusively through Chapter 5 actions being pursued by the Trustee. The sum of these actions will not be sufficient to repay unsecured creditors in full.

29. Defendant is an unsecured creditor.

30. Accordingly, the transfers made to the Defendant in ninety (90) days prior to the Petition Date enabled the Defendant to receive more than it would have receive if the case were a case under chapter 7 of this title.

31. The transfers made by Debtor to Defendant in the ninety (90) days prior to the Petition Date constitute avoidable preferences pursuant to 11 U.S.C. § 547.

32. Plaintiff is therefore entitled to avoid the Pre-Petition Transfers made to the Defendant in the ninety (90) days prior to the Petition Date pursuant to 11 U.S.C. § 547.

### COUNT II
### AVOIDANCE OF PAYMENTS AS PREFENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547 AND 550.

33. Plaintiff incorporates all of the foregoing paragraphs herein by reference as if set forth verbatim.

34. Plaintiff asserts that the Defendant received transfers totaling $218,599.78 ("Pre-Petition Transfers") that are avoidable pursuant to 11 U.S.C. § 547 and recoverable pursuant to 11 U.S.C. § 550.

35. Attached hereto as **Exhibit 2** is a list of the transfers that the Debtor made to the Defendant between ninety (90) days and one (1) year preceding the Petition Date.

36. Section 547(b) of the Bankruptcy Code, allows the trustee to avoid any transfer of an interest of the debtor in property:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt;
> (3) made while the debtor was insolvent;
> (4) made -
> > b. between ninety (90) days and one (1) year before the date of the filing of the petition, if at such creditor at the time of such transfer was an insider.
> (5) that enables such creditor to receive more than such creditor would receive if
> > i. the case were a case under chapter 7 of this title;
> > ii. the transfer had not been made; and
> > iii. such creditor received Transfer of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

**To or for the benefit of a creditor**

37. The Defendant provided legal services to the Debtor and the Pre-Petition Transfers were made on account of the fees incurred by the Debtor

38. The Pre-Petition Transfers were made by Debtor to Defendant and/or for the benefit of Defendant.

**For or on account of an antecedent debt**

39. The Defendant provided legal services to the Defendant and the Defendant would pay the Defendant's invoices after the services were rendered.

40. The Pre-Petition Transfers were made by Debtor on account of an antecedent debt owed by Debtor (the "Debt").

**Made while the debtor was insolvent**

41. On the Petition Date, Debtor had assets worth approximately $44,987,912.63 versus liabilities of $58,170,072.50.

42. On the dates of the respective transfers, Debtor's financial condition was substantially similar to its financial condition on the Petition Date.

43. Accordingly, the Debtor was insolvent between ninety (90) days and one (1) year before the Petition Date.

**Made during the one (1) year period immediately preceding the bankruptcy filing if such creditor at the time of such transfer was an insider;**

44. Defendant received Pre-Petition Transfers totaling $218,608.78 between ninety (90) days and one (1) year preceding the Petition Date. See Plaintiff's **Exhibit 2**.

45. Plaintiff believes and avers that at the time of the transfers the Defendant was an insider of the Debtor.

46. Plaintiff believes and avers that the Defendant exercised such control and/or influence over Debtor as to render their transactions not at arm's length.

47. Plaintiff believes and avers that the Defendant had actual control over the Defendant.

**That enables such creditor to receive more than such creditor would receive if**
  i. **the case were a case under chapter 7 of this title;**
  ii. **the transfer had not been made; and**
  iii. **such creditor received Transfer of such debt to the extent provided by the provisions of this title.**

48. On September 18, 2009, Debtor sold substantially all of its assets to Concordia Lutheran Ministries.

49. The entire purchase price was paid to Debtor's primary secured lenders and unsecured creditors will be paid exclusively through Chapter 5 actions being pursued by the Trustee. The sum of these actions will not be sufficient to repay unsecured creditors in full.

50. Defendant is an unsecured creditor.

51. Accordingly, the Pre-Petition Transfers enabled the Defendant to receive more than it would have received if the case were a case under chapter 7 of this title.

52. The Pre-Petition Transfers made by Debtor to Defendant constitute avoidable preferences pursuant to 11 U.S.C. § 547.

53. Plaintiff is therefore entitled to avoid the Pre-Petition Transfers pursuant to 11 U.S.C. § 547.

## COUNT III
## AVOIDANCE OF POST-PETITION TRANSFERS

54. Plaintiff incorporates all of the foregoing paragraphs herein by reference as if set forth verbatim.

55. The Debtor made a transfer of an interest in property of the Debtor in the amount of $66,000.00 after the Petition Date on account of pre-petition debts ("Post-Petition Transfer").

56. The Post-Petition Transfer was made by virtue of a wire transfer of funds from the Debtor's National City bank account on January 8, 2009.

57. Pursuant to Section 549 of the Bankruptcy Code, a trustee may avoid a post-petition transfer of an interest in the Debtor if such transfer is unauthorized by the Court. 11 U.S.C. § 549.

58. The Post-Petition Transfer was made on January 8, 2009 presumably after the petition was filed.

59. The Post-Petition Transfer was not authorized by the Court.

60. The Post-Petition Transfer made by Debtor to Defendant constitutes an avoidable preferences pursuant to 11 U.S.C. § 549.

61. Plaintiff is therefore entitled to avoid the Post-Petition Transfer pursuant to 11 U.S.C. § 549.

## COUNT IV
## RECOVERY OF AVOIDED TRANSFERS

62. Plaintiff incorporates all of the foregoing paragraphs herein by reference as if set forth verbatim.

63. The Pre-Petition Transfers and Post-Petition Transfers constitute property of the Debtor's estate.

64. Defendant was the initial transferee of the Pre-Petition and Post Petition Transfers and received the benefit of the Transfers.

65. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant all transfers avoidable under 11 U.S.C. §§ 547 and 549.

## COUNT V
## DISALLOWANCE OF CLAIMS

66. Plaintiff incorporates all of the foregoing paragraphs herein by reference as if set forth verbatim.

67. Defendant was the initial transferee of the Pre-Petition Transfers and Post-Petition Transfers.

68. Pursuant to 11 U.S.C § 502(d), any claims Defendant has against the Debtor must be disallowed until such time as the Defendant pays to the Debtor's estate an amount equal to the aggregate amount of all Pre-Petition Transfers and Post-Petition Transfers.

69. Plaintiff reserves the right to supplement this Complaint should Plaintiff discover further transfers by Debtor to Defendant that are subject to avoidance under the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant:

    (a)    declaring and decreeing that the Pre-Petition Transfers constitute avoidable preferential and/or fraudulent transfers pursuant to 11 U.S.C. § 547;

    (b)    declaring and decreeing that the Post-Petition Transfers constitute avoidable transfers pursuant to 11 U.S.C. § 549;

    (c)    directing and ordering Defendant to deliver to Plaintiff the amount of the Pre-Petition Transfers and Post-Petition Transfers, or such other amount as the Court determines is avoidable pursuant to 11 U.S.C. §§ 547 and/or 549.

    (d)    disallowing any claims Defendant has against the Debtor until such time as the Defendant pays to the Debtor's estate an amount equal to the aggregate amount of all Pre-Petition Transfers and Post-Petition Transfers determined by the Court to be avoidable and recoverable;

    (e)    granting such other and further relief as the Court deems just and proper.

Dated: July 19, 2010

Respectfully submitted,

BERNSTEIN LAW FIRM, P.C.,

By: */s/ Jillian L. Nolan*
Jillian L. Nolan, Esquire
jnolan@bernsteinlaw.com
PA ID #202253
2200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
Phone: (412) 456-8108

Special Counsel for the Chapter 7 Trustee

| UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF PENNSYLVANIA ||
|---|---|
| IN RE:<br><br>THE COVENANT AT SOUTH HILLS, INC,<br><br>       Debtor.<br><br>JEFFREY J. SIKIRICA, CHAPTER 7 TRUSTEE,<br><br>       Plaintiff,<br><br>v.<br><br>ARENT FOX LLP,<br><br>       Defendant. | Bankr. No. 09-20121-JKF<br><br>Chapter 7<br><br>Adv. No. 10-02207-JKF<br><br>Doc. No. |

## **ORDER**

AND NOW, this _____ day of _____, 2010, upon consideration of the foregoing Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547, 549, and 550 (the "Complaint") filed by the Chapter 7 Trustee by and through its undersigned counsel, the Bernstein Law Firm, P.C., it is hereby:

ORDERED, ADJUDGED and DECREED that the Pre-Petition Transfers and Post-Petition Transfers set forth in the Complaint are hereby avoided pursuant to 11 U.S.C. §§ 547, 549 and/or 550; it is further

ORDERED that Defendant, Arent Fox LLP ("Defendant"), is directed to pay the Plaintiff a sum in the amount of $_____; and it is further

ORDERED that any claims Defendant has against the Debtor are disallowed until such time as the Defendant pays to the Debtor an amount equal to the aggregate amount of all Pre-

Petition Transfers and Post-Petition Transfers determined by the Court to be avoidable and recoverable.

By: _____
Judith K. Fitzgerald
United States Bankruptcy Judge